UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| APRIL M. WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CV-361 |
| | ) | (VARLAN/SHIRLEY) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 19] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 18]. Magistrate Judge Shirley found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 11] be denied and that defendant Commissioner's motion for summary judgment [Doc. 16] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted).

If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff objects to Judge Shirley's finding that the ALJ properly evaluated the medical opinions as required by the "treating physician rule" and 20 C.F.R. § 404.1527(d). Specifically, plaintiff complains that neither the ALJ nor the magistrate judge provide a reasonable explanation for rejecting the opinions of plaintiff's treating physicians, Dr. Jobson and Dr. Bergia, and the testimony of the witnesses, namely plaintiff's mother. [Doc. 19 at p. 9.]

The R&R reflects that Judge Shirley noted the record contains only brief comments by Dr. Jobson in plaintiff's medication records, so Dr. Jobson's conclusory opinions were not adequately supported by his own treatment records or his own findings and that his

2

opinions were inconsistent with plaintiff's activities and the conclusion of state agency reviewers. [Doc. 18 at p. 9.] Judge Shirley also determined that Dr. Bergia's assessment was not supported, especially her remarks regarding the side effects of plaintiff's medications. [*Id*.] Thus, Judge Shirley concluded that the ALJ reasonably relied on the opinions of state agency physicians and consultative examiner Dr. Smith instead of Drs. Jobson and Bergia. [*Id*. at p. 10.]

It is the function of the ALJ to determine what medical restrictions a plaintiff has and how they affect her residual functional capacity. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987); 20 C.F.R. § 404.1546(c). The opinion of the treating physician is entitled to weight only insofar as it is supported by clinical findings and is consistent with the record as a whole. 20 C.F.R. § 416.927(d). The record reflects that both the ALJ and Judge Shirley considered the opinions of Drs. Jobson and Bergia in light of the entire record. Accordingly, the Court finds that the ALJ acted within his discretion when he found that the opinions of plaintiff's treating physicians were not supported by the overall objective clinical and diagnostic medical evidence in the record. The objection will be overruled.

Plaintiff also objects that her severe non-exertional limitations were not properly evaluated by the ALJ and were not included in the ALJ's hypothetical question propounded to the vocational expert. Plaintiff points out that when the vocational expert was asked to assume that claimant was impaired as described by the treating specialist, Dr. Bergia, the vocational expert testified that there were no jobs claimant could perform (Tr. 73).

The validity of the hypothetical question posed to the vocational expert was also raised to Judge Shirley. Judge Shirley concluded that the ALJ reasonably included the impairments supported by the evidence in the hypothetical to the vocational expert. [Doc. 18 at p. 10.] As previously noted, Judge Shirley concurred with the ALJ that Dr. Bergia's assessment was not supported by the record. A hypothetical question posed to a vocational expert is required to incorporate only those limitations which are accepted as credible by a finder of fact, *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Stanley v. Secretary of Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994), and which are supported by evidence in the record. *See Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). Thus, there was no error in the magistrate judge's findings concerning the hypothetical question. Plaintiff's objection will be overruled.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE